UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| FARID GHALEHTAK, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>FNBN I, LLC,<br><br>  Defendant. | Case No. 15-cv-05821-LB<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Re: ECF No. 20 |

## INTRODUCTION

This is a Truth in Lending Act ("TILA") action brought to enforce a mortgage rescission and collect monetary relief.[1] The plaintiffs Farid Ghalehtak and Shirin Tabatabai sued FNBN I, the current holder of their home mortgage, to enforce what they argue to be an already-effective rescission of their loan and FNBN's security interest in their property.[2] FNBN moves to dismiss the complaint under Rules 12(b)(2) and 12(b)(6).

The court finds that it can decide this matter without oral argument under Civil Local Rule 7-1(b) and vacates the May 12, 2016 hearing. The court grants the motion because the limitations

---

[1] *See* First Amended Complaint ("FAC") Part I – ECF No. 12 ("FAC Part I"); FAC Part II – ECF No. 12-1; FAC Part III – ECF No. 12-2. Record citations are to the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *See* Opposition to Motion to Dismiss ("Opposition") – ECF No. 26 at 7.

ORDER (No. 15-cv-05821-LB)

period expired before Ghalehtak and Tabatabai exercised their TILA rights and equitable tolling does not rescue their damages claim.

## STATEMENT

Ghalehtak and Tabatabai refinanced their single family residence on June 21, 2007 with First National Bank of Arizona ("FNBA").[3] "As part of the loan transaction[,]" they executed a Promissory Note and a Deed of Trust, granting FNBA a security interest in their home.[4] FNBA recorded the deed with the Alameda County Recorder's Office.[5] This transaction, its funding, and its attempted rescission form the basis of the complaint.

### 1. Ghalehtak and Tabatabi investigate their debt obligation

In July 2014, "amidst disturbing news surrounding banks and lenders regarding the mortgage crisis," Ghalehtak and Tabatabi decided to investigate their debt obligation.[6] They discovered two things.

First, they learned that FNBA "sold, transferred, and/or assigned [the loan] to the PennyMac Loan Trust 2011-NP1I Trust[.]"[7] Through a series of three transactions, the Deed of Trust was assigned to FNBN (a subsidiary of PennyMac) on October 2, 2015, but, to date, FNBN has not endorsed the Promissory Note or perfected its security interest.[8] Ghalehtak and Tabatabi allege these transfers did not validly assign the Deed of Trust and constitute a material breach of the trust agreement.[9] The trust, however, provides that it, along with the note, may be transferred.[10]

---

[3] FAC Part I at 7.
[4] *Id.*
[5] *Id.*
[6] *Id.*
[7] *Id.*; FAC Part II at 1.
[8] FAC Part I at 3, 8, 9; FAC Part II at 2-3.
[9] FAC Part II at 3.
[10] Deed of Trust – ECF No. 20-3 at 12-13, § 20.

ORDER (No. 15-cv-05821-LB)    2

Second, they discovered that the lender on the Promissory Note (FNBA) did not actually fund the loan.[11] Ghalehtak and Tabatabai allege that they were "made to understand" that the lender "within each contract was named as the sole encumbrancer through a first position lien deed of trust."[12] Yet, despite contract language to the contrary, this did not happen.[13] Instead, an unidentified "warehouse lender" funded the loan.[14] They allege that all other parties to the loan knew the true source of the funds but this information was not, and has not, been disclosed to them.[15] Thus, they allege "that the loan documents were prepared and executed in such a way as to conceal the fact that the true lender . . . was never disclosed."[16]

### 2. Ghalehtak and Tabatabi send a notice of rescission and initiate this lawsuit

After uncovering the above information about their mortgage, on October 6, 2015, Ghalehtak and Tabatabai sent a notice of rescission to PennyMac, the then-loan servicer and FNBN's parent company.[17] PennyMac responded by letter, but neither PennyMac nor FNBN filed a declaratory action in response to the notice.[18] The plaintiffs allege that, because they sent the notice and the defendants failed to respond, the mortgage was "extinguished by operation of law as of October 7, 2015[,]" and thus FNBN "has no standing to enforce the Deed of Trust or collect payments under the contract."[19] Despite FNBN's failure to respond to the notice, however, it "continue[s] to try and enforce the debt by not canceling collection efforts."[20]

---

[11] FAC Part I at 10; Deed of Trust at 2.
[12] FAC Part I at 9.
[13] *Id.* at 9-12
[14] *Id.* at 9-12.
[15] *Id.* at 10.
[16] FAC Part II at 5.
[17] FAC Part I at 6, 8; FAC Part III, Ex. B.
[18] FAC Part I at 6, 8; FAC Part III, Ex. C.
[19] FAC Part I at 6, 9; FAC Part II at 5, 11-12.
[20] FAC Part II at 6.

ORDER (No. 15-cv-05821-LB)   3

Ghalehtak and Tabatabai thus initiated this lawsuit, which they style as an action to enforce their rights under the Truth in Lending Act ("TILA").[21] After FNBN moved to dismiss the initial complaint,[22] they filed a First Amended Complaint ("FAC") and seek to enforce their October 2015 mortgage rescission, thus voiding FNBN's security interest and declaring their sole interest in the property.[23] They also seek actual and statutory damages, attorney's fees, and costs.[24]

FNBN now moves to dismiss the FAC because 1) the TILA claims are time-barred, 2) the plaintiffs cannot challenge the securitization of the loan, 3) the court should decline supplemental jurisdiction over any existing state-law claims, and 4) the FAC fails to state a claim.[25] Ghalehtak and Tabatabai oppose the motion and clarify that they do not seek to rescind the mortgage, but *enforce* their already-effective October 2015 rescission.[26]

## GOVERNING LAW

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant "fair notice" of what the claims are and the grounds upon which they rest. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not need detailed factual allegations, but "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a claim for relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (internal citations omitted).

To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, "'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

---

[21] FAC Part I at 2; Opposition – ECF No. 26 at 7.
[22] Motion to Dismiss Complaint – ECF No. 6.
[23] FAC Part I at 2; FAC Part II at 12-13.
[24] FAC Part I at 2; FAC Part II at 12-13.
[25] *See generally* Motion to Dismiss FAC – ECF No. 20.
[26] Opposition – ECF No. 26 at 7.

ORDER (No. 15-cv-05821-LB)            4

U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'"" *Id.* (quoting *Twombly*, 550 U.S. at 557).

"A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)). Documents properly incorporated by reference and judicially noticeable facts may be considered on a Rule 12(b)(6) motion without converting it to a motion for summary judgment. *See Knievel v. ESPN*, 393 F.3d 1068, 1076-77 (9th Cir. 2005) (incorporation by reference); *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1006, 1016 n.9 (9th Cir. 2012) (judicial notice).

If a court dismisses a complaint, it should give leave to amend unless the "the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

## ANALYSIS

**1. Requests for judicial notice**

FNBN asks the court to take judicial notice of the following documents: 1) the publicly recorded June 21, 2007 Deed of Trust, 2) a related loan modification agreement, 3) a publicly recorded notice of default and election to sell under the Deed of Trust, 4) a publicly recorded Deed of Trust assignment, 5) a Chapter 7 bankruptcy docket report, and 6) a Chapter 7 voluntary petition.[27] Ghalehtak and Tabatabai oppose the request, arguing that the Deed of Trust and

---

[27] Defendant's Request for Judicial Notice – ECF Nos. 20-2, 20-3.

ORDER (No.  15-cv-05821-LB)                5

Promissory Note have been cancelled and voided as a matter of law and FNBN fails to provide documentation supporting the request.[28] The Deed of Trust and the other documents (excluding the loan modification) are, however, judicially noticeable as matters of public record. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001). The Deed of Trust is also incorporated by reference because Ghalehtak and Tabatabai refer to the deed, it is central to their action, and although they question its current effectiveness, they do not challenge its *authenticity*. *See United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011). The court therefore takes judicial notice of these documents, except the loan modification agreement, because it is neither a matter of public record nor referenced in and central to the complaint.

Ghalehtak and Tabatabai also ask the court to take judicial notice of certain judicial opinions.[29] FNBN does not oppose the request. The court considers these cases without taking judicial notice. *See* Fed. R. Evid. 201 advisory comm. n. (1972); *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010); *Toth v. Grand Trunk R.R.*, 306 F.3d 335, 349 (6th Cir. 2002) ("[J]udicial notice is generally not the appropriate means to establish the legal principles governing the case.").

## 2. Ghalehtak and Tabatabai fail to state a claim for TILA rescission or damages

"Congress passed [TILA] to help consumers 'avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing.'" *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790, 791-91 (2015). To that end, TILA affords borrowers time-limited rights to rescission and monetary relief for creditors' violations of its provisions. *See* 15 U.S.C. § 1635 (rescission); *id.* § 1640 (monetary relief). The issue here is whether the limitations periods lapsed before Ghalehtak and Tabatabai asserted their rights. They did and the court dismisses the complaint.

---

[28] *See generally* Plaintiff's Opposition to Request for Judicial Notice – ECF No. 28.
[29] Plaintiff's Request for Judicial Notice – ECF No. 27.

ORDER (No. 15-cv-05821-LB)         6

**2.1 The limitations period bars Ghalehtak and Tabatabai's rescission action**

Ghalehtak and Tabatabai assert that they are enforcing an already-effective rescission of their mortgage.[30] They rely on *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790 (2015), for the proposition that giving notice alone effects rescission by operation of law.[31] That is not, however, the issue at hand. Here, the issue is whether in October 2015 — when they mailed notice to PennyMac — their right to rescission was extinguished, barring such relief. It was, and their rescission action fails. *See Jesinoski*, 135 S. Ct. at 793; *Powell v. Wells Fargo Home Mortgage*, No. 14-cv-04248-MEJ, 2015 WL 4719660, at *14 (N.D. Cal. Aug. 7, 2015) ("[A] borrower need not file suit within three years to rescind under TILA, so long as he gives written notice of rescission to the lender within three years.")

If a lender fails to disclose material information required by TILA, a borrower has a right to rescind within three years of consummation of the loan. 15 U.S.C. § 1635(f); *see King v. California*, 784 F.2d 910, 913 (9th Cir. 1986). A loan is deemed "consummated" under TILA at "the time that a consumer becomes contractually obligated on a credit transaction." 12 C.F.R. § 226.2(a)(13); *Lynch v. RKS Mortgage, Inc.*, 588 F. Supp. 2d 1254, 1261 (E.D. Cal. 2008). The consumer becomes contractually obligated if the transaction paperwork identifies a lender, "regardless of how or by whom the lender was ultimately funded." *Ramos v. U.S. Bank*, No. 12-cv-1820-IEG (RBB), 2012 WL 4062499, at *2 n.1 (S.D. Cal. Sep. 4, 2012); *see also Mohanna v. Bank of America, N.A.*, No. 16-cv-01033-HSG, 2016 WL 1729996, at *5 (N.D. Cal. May 2, 2016) ("[D]istrict courts have unanimously found that a lender's use of an undisclosed third party to complete a secured transaction is insufficient to preclude consummation under TILA.") The three-year period for a TILA rescission claim is not subject to equitable tolling. *See Beach*, 523 U.S. at 412.

---

[30] *See* Opposition at 7, 9.

[31] Opposition at 9-10.

ORDER (No.  15-cv-05821-LB)                7

Here, Ghalehtak and Tabatabai refinanced their home mortgage on June 21, 2007; this is the date of "consummation" under TILA. They appear to assert three arguments against this conclusion.

First, they argue that the true lender and source of funds — an "essential element" of the contract — was omitted from the contract's terms and thus the contract could not have been formed as of that date.[32] As other courts have held, however, the contract is consummated so long as a lender is identified, even if it is not the ultimate funding source. *See Mohanna*, 2016 WL 1729996 at *5; *Ramos*, 2012 WL 4062499 at *2 n.1. Here, a lender (FNBA) was identified on the face of the contract and, even if FNBA did not ultimately fund the loan, the transaction was consummated.[33] Funding by an unidentified lender therefore does not defeat June 21, 2007 "consummation" of the mortgage.

Second, they argue that the source of funds was fraudulently concealed, thus extending the limitations period.[34] Section 1635(f) provides, however, that the three-year limitation begins "notwithstanding the fact that the [required] information and forms . . . or any other disclosures . . . have not been delivered[.]" The timer therefore begins regardless of whether all disclosures are made. Failure to disclose the lender's identity therefore does not extend the limitations period.

Third, they argue that the loan was "void from the beginning" because FNBA, the mortgage originator, was not registered or otherwise authorized to do business in California.[35] Although they may be right that the contract is void, *see, e.g.*, Cal. Fin. Code §§ 22750 *et seq.*, this argument is inconsistent with their TILA claim. If void, there is no contract to rescind; if not void, the contract was consummated on June 21, 2007. The court therefore assumes the existence of a valid contract for purposes of TILA and this argument must fail.

---

[32] Opposition at 9-10.

[33] FAC Part I at 10; *see also* Deed of Trust – ECF No. 20-3 at 2 (identifying FNBA as the "Lender").

[34] FAC Part II at 5; Opposition at 10.

[35] Opposition at 11-12; FAC Part I at 3-4; FAC Part III, Ex. A.

ORDER (No. 15-cv-05821-LB)               8

Because the consummation date was June 21, 2007, the right to rescind the refinanced mortgage expired three years later, on June 21, 2010. Ghalehtak and Tabatabai sent notice of rescission to PennyMac in October 2015, well beyond the expiration date. Although they only needed to give notice to exercise the right (not file a lawsuit), *see Jesinoski*, 135 S. Ct. at 792, their notice was too late. *See Beach*, 523 U.S. at 412 ("[Section] 1635(f) completely extinguishes the right of rescission at the end of the 3-year period."); *Powell*, 2015 WL 4719660 at *14. The court therefore grants the defendant's motion to dismiss the TILA rescission action.

### 2.2 The limitations period bars Ghalehtak and Tabatabai's TILA damages claim

Ghalehtak and Tabatabai also seek actual and statutory damages, costs, and attorney's fees.[36] They appear to allege two TILA violations: 1) the loan documents concealed the source-of-funds' identity[37] and 2) FNBN failed to respond to the notice of rescission.[38] The issue is whether TILA's limitations periods bar these claims for relief. They do and the claims are dismissed.

A borrower has a right to monetary damages if a creditor fails to comply with TILA's disclosure or rescission obligations but a borrower must bring the claim within one year from the date of the violation. 15 U.S.C. §§ 1640(a), (e); *Lynch v. RKS Mortgage, Inc.*, 588 F. Supp. 2d 1254, 1259 (E.D. Cal. 2008). The limitations period for nondisclosure in loan documents "runs from the date of consummation of the transaction . . . ." *King*, 784 F.2d at 915. The limitations period for failure to honor a borrower's rescission request runs as of the date of such failure. *Buick v. World Savings Bank*, 637 F. Supp. 2d 765, 772 (E.D. Cal 2008).

Unlike § 1635 rescission claims, "the doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA [damages]

---

[36] FAC Part I at 2; FAC Part II at 13.

[37] FAC Part I at 9-11; FAC Part II at 5; Opposition at 10.

[38] FAC Part II at 13.

ORDER (No.  15-cv-05821-LB)                9

action." *King*, 784 F.2d at 915. Such tolling, however, is available only if "despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim." *Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000), *overruled on other grounds by Socop-Gonzalez v. INS*, 272 F.3d 1176, 1194 (9th Cir. 2000).

Here, the limitations period has run on Ghalehtak and Tabatabai's claim for the alleged concealment of the true lender's identity. The transaction consummated on June 21, 2007 (see above), and the limitations period ended June 21, 2008. Yet, they brought their claim in December 2015, over seven years late.

Equitable tolling does not save their tardiness. They assert that they "had no reason to even suspect that government regulated financial institutions would conceal material facts and could not have discovered even the possibility of such concealed acts[.]"[39] They additionally argue that "lenders could structure the transaction so that borrowers could not discover the nondisclosure until the statute of limitations have elapsed, as in the case at bar."[40] These arguments are vague, conclusory, and insufficient to alone support tolling.

They assert no facts showing diligence to support their conclusions. Just opposite; they did not investigate the details of their loan until seven years after they entered into the transaction. They moreover seemingly discovered the "nondisclosure" in July 2014 but did not notice rescission until October 2015 and did not sue until December 2015.[41] That is more than a year after they discovered the alleged nondisclosure — the length of the entire limitations period. Absent facts to the contrary, the limitations period cannot be tolled under these circumstances.

TILA's limitations periods also prohibit Ghalehtak and Tabatabai's claim that FNBN failed to honor their rescission request. As discussed above, the right to rescind the loan documents expired on June 27, 2010. Expiration under § 1635(f) extinguished their right in its entirety; it may not be used, "defensively or otherwise, after the 3-year period[.]" *Beach*, 523 U.S. at 416, 419. With the

---

[39] Opposition at 13.
[40] *Id.* at 14.
[41] FAC Part I at 7-8.

ORDER (No. 15-cv-05821-LB)                 10

1  right expired, the October 2015 notice had no legal effect and FNBN had no obligation to respond.
2  Its failure to do so therefore cannot be the basis of a § 1635 violation.
3  The court therefore dismisses Ghalehtak and Tabatabai's claims for monetary relief.

**CONCLUSION**

The court grants FNBN's motion to dismiss and dismisses the TILA claims with prejudice. To the extent the plaintiffs raise state claims to quiet title or for other relief, the court declines to exercise supplemental jurisdiction over them. *See* 28 U.S.C. § 1367(c)(3); *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988); *Executive Software North America, Inc. v. U.S. Dist. Court for Cent. Dist. of California*, 24 F.3d 1545, 1548 (9th Cir. 1994). The dismissal is without prejudice to the plaintiffs pursuing state-law claims in state court. The plaintiffs may amend their complaint to assert any other claims arising out of the subject transaction and events within 21 days of this order. If they do not do so, the court will close the case.

**IT IS SO ORDERED.**

Dated: May 6, 2016

_____
LAUREL BEELER
United States Magistrate Judge