UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| FARID GHALEHTAK, et al., <br><br>       Plaintiffs, <br><br>    v. <br><br> FNBN I, LLC, <br><br>       Defendant. | Case No. 3:15-cv-05821-LB <br><br> **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** <br><br> Re: ECF No. 33 |

## INTRODUCTION

This is an action brought to enforce a mortgage rescission and to collect monetary relief for an alleged defective securitization of the mortgage.[1] The plaintiffs, Farid Ghalehtak and Shirin Tabatabai, who are representing themselves, allege that the defendant, FNBN I, LLC, "is a third-party stranger to their mortgage" that lacks ownership interest in the loan and thus cannot collect on the associated debt.[2] FNBN moves to dismiss the complaint under Rules 12(b)(6) and 12(b)(1).[3]

---

[1] *See* Second Amended Complaint ("SAC") Part I – ECF No. 31 ("SAC Part I"); SAC Part II – ECF No. 31-1; SAC Part III – ECF No. 31-2; SAC Part IV – ECF No. 31-3; SAC Part V – ECF No. 31-4; SAC Part VI – ECF No. 31-5; Part VII – ECF No. 31-6; SAC Part VIII – ECF No. 31-7; SAC Part IX – ECF No. 31-8. Record citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] SAC Part I at 2.

[3] Motion to Dismiss SAC – ECF No. 33.

ORDER (No. 3:15-cv-05821-LB)

The court can decide this matter without oral argument. *See* N.D. Cal. Civ. L.R. 7-1(b). The court grants the motion because the plaintiffs do not state plausible claims for relief supporting federal-question jurisdiction, and the court declines to exercise supplemental jurisdiction over their remaining state-law claims.

## STATEMENT

In 2007, the plaintiffs Farid Ghalehtak and Shirin Tabatabai mortgaged their home with lender First National Bank of Arizona ("FNBA").[4] They executed a Promissory Note secured by a Deed of Trust that identified FNBA as the lender and Mortgage Electronic Registration Systems ("MERS") as the beneficiary.[5] The plaintiffs do not dispute that they owe money on the mortgage, but they instead challenge FNBN's right to collect their mortgage payments due to an allegedly defective loan securitization.[6]

At or near the date of mortgage execution, "FNBA attempted to securitize and sell [the plaintiffs'] loan[] to another entity or entities[,]" which the plaintiffs allegedly discovered in 2014 after commissioning a Property Securitization Analysis Report.[7] The securitization did not comply with the terms of the securitization trust's Pooling and Servicing Agreement ("PSA"), which required that the Note and Deed of Trust "be properly endorsed, transferred, accepted, and deposited" with the trust (or its custodian) by or within 90 days after November 1, 2011.[8] Alluding to a lack of valid assignments in the Alameda County records, the plaintiffs assert that any transfer of the instruments violated the PSA (and New York trust law), broke the chain of title, and rendered FNBN's lien unperfected and unenforceable.[9]

---

[4] SAC Part I at 9.

[5] *Id*.; Deed of Trust – ECF No. 31-2 at 10-11.

[6] SAC Part I at 9; SAC Part II at 3.

[7] SAC Part I at 9-10; *see* Property Securitization Analysis Report – ECF No. 31-4 at 6.

[8] SAC Part I at 10.

[9] *Id.* at 10-11.

1   FNBN obtained this challenged interest from MERS — the original Deed of Trust beneficiary
2   — on October 2, 2015, but FNBN never provided notice of the assignment to the plaintiffs.[10] The
3   following week, the plaintiffs mailed a Notice to Rescind their mortgage and a Qualified Written
4   Request ("QWR") to PennyMac Loan Services, LLC, the loan's purported servicer.[11] In response
5   to the QWR, PennyMac identified FNBN as the loan's current beneficiary.[12] Neither PennyMac
6   nor FNBN responded to or challenged the Notice to Rescind, which the plaintiffs allege should
7   automatically result in the rescission of the loan.[13]

8   On October 26, 2015, FNBN recorded a Notice of Default and Election to Sell against the
9   property, advising that all mortgage payments owed since March 2012 were now due
10  ($276,230.43 plus accruing interest).[14] The plaintiffs sued FNBN two months later.[15] FNBN
11  moved to dismiss the initial complaint, and the plaintiffs amended their complaint as of right by
12  filing their First Amended Complaint ("FAC").[16] FNBN again moved to dismiss.[17]

13  This court granted FNBN's motion to dismiss plaintiffs' FAC.[18] The court dismissed
14  plaintiffs' TILA claims for rescission and damages with prejudice and granted leave to assert any
15  additional claims arising out of the subject transactions.[19] In their Second Amended Complaint
16  ("SAC"), the plaintiffs reassert their TILA claims and bring new claims against FNBN: 1) a
17  violation of 15 U.S.C. § 1641(g); 2) a violation of the Fair Debt Collection Practices Act, 15
18  U.S.C. § 1692 *et seq*. ("FDCPA"); 3) a violation of the Real Estate Settlement Practices Act, 12

---

[10] *Id.* at 13-14; Assignment of Deed of Trust – ECF No. 31-8 at 8.

[11] *Id.* at 12, 14; Qualified Written Request – ECF No. 31-6 at 11; Plaintiffs' Letter Rescinding Loan – ECF No. 31-8 at 10.

[12] SAC Part I at 12; Assignment of Deed of Trust – ECF No. 31-8 at 8.

[13] SAC Part I at 14-15.

[14] Defendant's Request for Judicial Notice – ECF No. 33-3 at 2-3.

[15] Complaint – ECF No. 1.

[16] *See* Motion to Dismiss Plaintiffs' Complaint – ECF No. 6; *see* First Amended Complaint – ECF No. 12.

[17] Motion to Dismiss Plaintiffs' First Amended Complaint – ECF No. 20.

[18] Order Granting Defendant's Motion to Dismiss – ECF No. 30.

[19] *Id.* at 11.

1   U.S.C. § 2605 ("RESPA"); 4) declaratory relief pursuant to 28 U.S.C. §§ 2201, 2202; 5) a claim

2   seeking to "Void and/or Cancel Ab Initio Deed of Trust and Promissory Note"; 6) a violation of

3   California Civil Code §§ 2924.17 & 2924(a)(6); 7) quasi contract; and 8) "Quiet Title Relating to

4   Violations of the Federal Truth in Lending Act."[20]

5       FNBN moved to dismiss the SAC, arguing that the plaintiffs' federal-question claims fail, the

6   court lacks diversity jurisdiction, and the court should decline to exercise supplemental

7   jurisdiction over the remaining state-law claims.[21]

## RULE 12( b)(6) STANDARD

    A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant "fair notice" of what the claims are and the grounds upon which they rest. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not need detailed factual allegations, but "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a claim for relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (internal citations omitted).

    To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, "'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a mere possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are

---

[20] *See generally* SAC – ECF No. 31.

[21] *See generally* Motion to Dismiss SAC – ECF No. 33.

ORDER (No. 3:15-cv-05821-LB)        4

1   'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and
2   plausibility of 'entitlement to relief.''" *Id.* (quoting *Twombly*, 550 U.S. at 557).

3   "A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the
4   applicable statute of limitations only when 'the running of the statute is apparent on the face of the
5   complaint.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir.
6   2010) (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)). Documents
7   properly incorporated by reference and judicially noticeable facts may be considered on a Rule
8   12(b)(6) motion without converting it to a motion for summary judgment. *See Knievel v. ESPN*,
9   393 F.3d 1068, 1076-77 (9th Cir. 2005) (incorporation by reference); *Skilstaf, Inc. v. CVS
10  Caremark Corp.*, 669 F.3d 1006, 1016 n.9 (9th Cir. 2012) (judicial notice).

11  If a court dismisses a complaint, it should give leave to amend unless the "the pleading could
12  not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. Northern
13  California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

## ANALYSIS

### 1. Requests for Judicial Notice

The plaintiffs ask the court to take judicial notice of certain judicial opinions.[22] FNBN does not oppose the request. The court considers these cases without taking judicial notice. *See* Fed. R. Evid. 201 advisory comm. n. (1972); *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010); *Toth v. Grand Trunk R.R.*, 306 F.3d 335, 349 (6th Cir. 2002) ("[J]udicial notice is generally not the appropriate means to establish the legal principles governing the case.").

FNBN asks the court to take judicial notice of the Notice of Default and Election to Sell Under Deed of Trust ("Notice").[23] The plaintiffs oppose the request, generally citing California evidence law and asserting (without explanation) that the document is disputed.[24] A district court generally

---

[22] Plaintiffs' Request for Judicial Notice – ECF No. 38 at 1-2.
[23] Defendant's Request for Judicial Notice – ECF No. 33-2 at 2.
[24] Plaintiffs' Opposition to Defendant's Request for Judicial Notice – ECF No. 35.

United States District Court
Northern District of California

"may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). A court may, however, consider judicially noticeable "matters of public record." *Id.* Here, the Notice was recorded in the Official Records of Alameda County, California on October 26, 2015, as Document No. 2015287610.[25] The court thus judicially notices the Notice's existence — not the truth of its contents — because it is a matter of public record.

## 2. The Court Dismisses All Federal Claims

The court's subject-matter jurisdiction is premised on the plaintiffs' four federal-question claims for relief. The court dismisses all four claims.

### 2.1 TILA Claim for Rescission

In their FAC, the plaintiffs asserted a claim to enforce what they called an automatic and already effective rescission of their mortgage.[26] The court dismissed the claim with prejudice because it was barred by the statute of limitations.[27] The plaintiffs now assert the same claim in their SAC without any new reasoning and without requesting leave to reassert the claim or reconsideration of the court's prior order.[28] For the reasons set forth in the earlier order at ECF No. 30, the court dismisses the plaintiffs' third claim with prejudice. *Cf. Haines v. Brand*, 2012 WL 2237366, at *7 (N.D. Cal. June 14, 2012) (dismissing claim that was previously dismissed with prejudice where the plaintiff did not seek leave to replead the claim).

---

[25] Defendant's Request for Judicial Notice – ECF No. 33-2 at 2.

[26] *See* First Amended Complaint – ECF No. 12.

[27] Order Granting Defendant's Motion to Dismiss – ECF No. 30 at 6.

[28] SAC Part II at 6-9, 13.

ORDER (No. 3:15-cv-05821-LB)    6

**2.2 New TILA Claim**

The plaintiffs assert a new TILA claim seeking relief for FNBN's alleged failure to provide them with notice that it had been assigned MERS's interest in the mortgage.[29] Section 1641(g) states that "[n]ot later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer . . . ." 15 U.S.C. § 1641(g)(1). To state a claim for actual damages (as the plaintiffs do), a plaintiff must show that he or she suffered a loss by relying on an inaccurate or incomplete disclosure. *See Gold Country Lenders v. Smith*, 289 F.3d 1155, 1157 (9th Cir. 2002). Detrimental reliance thus is a required element of a claim for actual damages. *See* 15 U.S.C. § 1640(a); *Turner v. Beneficial Corp.*, 242 F.3d 1023, 1028 (11th Cir. 2011). TILA's legislative history clarifies that, although TILA provides for "statutory remedies on proof of a simple TILA violation," the statute requires a "more difficult showing of detrimental reliance to prevail on a claim for actual damages." *Turner*, 242 F.3d at 1028; *see* H.R. Rep. No. 104-193, pt. 1, at 95 (1995). Therefore, "a plaintiff must present evidence to establish a causal link between the financing institution's noncompliance and his damages." *Turner*, 242 F.3d at 1028.

In *Cox v. Old Republic Nat'l Title Ins. Co.*, the plaintiff failed to allege detrimental reliance "on the alleged lack of 1641(g) disclosures." No. 15-cv-02253-BLF, 2016 WL 301974, at * 12 (N.D. Cal. Jan. 25, 2016). The mortgage was assigned to a new beneficiary but the assignee did not provide notice to the plaintiff. *Id.* The plaintiff alleged "economic damages from diminished property value and unmarketable title" but did not allege how "these damages resulted from detrimental reliance" on the lack of notice. *Id.* The court thus dismissed the claim. *Id.*

As in *Cox*, the plaintiffs allege actual damages, including the costs of over-calculation and overpayment of interest, costs of repairing credit, and costs of removing the cloud from their title.[30] But they do not allege that they detrimentally relied on the undisclosed assignment of interest to FNBN and instead only generally challenge the assignment as improper.[31] And as in

---

[29] *Id.* at 14-15.

[30] *Id.* at 9.

[31] *See* SAC Part I at 10-12.

*Cox*, while the plaintiffs allege damages, they do not plausibly demonstrate a connection between the failure to receive notice from FNBN and their alleged damages.[32]

Moreover, the plaintiffs base their claim on FNBN's alleged failure to provide timely notice of the transfer of ownership interest in the loan (via the Assignment of Deed of Trust).[33] The Assignment of Deed of Trust is dated October 2, 2015, and was recorded in the Official Records of Alameda County, California, eleven days later.[34] The plaintiffs received PennyMac's response to their QWR on November 2, 2015, naming FNBN as the loan's creditor, within the thirty days FNBN had under the statute to notify the plaintiffs of its ownership interest.[35] The plaintiffs dispute that they received notice from FNBN, but they indisputably knew about FNBN's ownership interest within thirty days. Given the plaintiffs' actual notice, the court dismisses the claim with prejudice.

**2.3 FDCPA Claim**

In their fifth claim, the plaintiffs allege that FNBN's attempt to collect on the plaintiffs' debt obligation violates the FDCPA.[36] The plaintiffs claim that the mortgage was securitized improperly, in violation of the PSA, and that this securitization broke the chain of title on the mortgage and left FNBN without standing to enforce the loan.[37] They acknowledge the debt on the property but allege that FNBN does not have an ownership interest in the mortgage, cannot collect payments thereunder, and thus violated the FDCPA when it tried to do so.[38]

The FDCPA "prohibits 'debt collector[s]' from making false or misleading representations and from engaging in various abusive and unfair practices." *Heintz v. Jenkins*, 514 U.S. 291, 292 (1995) (citation omitted). The elements of a FDCPA claim are as follows: "(1) plaintiff has been

---

[32] SAC Part II at 9.

[33] *Id.* at 15.

[34] Assignment of Deed of Trust – ECF No. 31-8 at 8.

[35] Motion to Dismiss – ECF No. 33-1 at 24.

[36] SAC Part II at 15-16.

[37] SAC Part I at 10-12; SAC Part II at 15.

[38] SAC Part II at 15-16.

ORDER (No. 3:15-cv-05821-LB)          8

1    the object of collection activity arising from a consumer debt; (2) the defendant qualifies as a 'debt

2    collector' under the FDCPA; and (3) the defendant has engaged in a prohibited act or has failed to

3    perform a requirement imposed by the FDCPA." *Ellis v. Phillips & Cohen Associates, Ltd.*, No.

4    5:14-cv-05539-EJD, 2016 WL 3566981, at *3 (N.D. Cal. June 30, 2016) (quoting *Dang v.

5    CitiMortgage, Inc.*, No. 5:11-cv-05036 EJD, 2012 WL 762329, at *10 (N.D. Cal. Mar. 7, 2012)).

6    The issue is whether FNBN qualifies as a "debt collector" under the FDCPA.

7        A "debt collector" includes a person who: 1) uses interstate commerce or the mail in a business

8    the principal purpose of which is debt collection; 2) "regularly collects or attempts to collect,

9    directly or indirectly, debts owed or due or asserted to be owed or due another[;]" or 3) is "any

10   creditor who, in the process of collecting his own debts, uses any name other than his own which

11   would indicate that a third person is collecting or attempting to collect such debts." 15 U.S.C. §

12   1692a(6). "The FDCPA specifically excludes creditors collecting their own consumer debts. . . .

13   Mortgage loan beneficiaries and servicing companies are not 'debt collectors' under the FDCPA."

14   *Wise v. Wells Fargo Bank, N.A.*, 850 F. Supp. 2d 1047, 1053 (C.D. Cal. 2012) (quoting

15   *Derakhshan v. Mortgage Electronic Registration Systems, Inc.*, No. SACV08-1185 AG (RNBx),

16   2009 WL 3346780, at *7 (C.D. Cal. Oct. 13, 2009)); *see also Giesecke v. Bank of America, N.A.*,

17   No. 13-cv-04772-JST, 2014 WL 718463, at *5 (N.D. Cal. Feb. 23, 2014) ("The law is well settled

18   that FDCPA's definition of debt collector does not include the consumer's creditors, a mortgage

19   servicing company, or any assignee of the debt.") (citing *Lal v. Am. Home Servicing, Inc.*, 680 F.

20   Supp. 2d 1218, 1224 (E.D. Cal. 2010)) (internal quotations omitted). Furthermore, "the legislative

21   history of section 1692a(6) indicates conclusively that a debt collector does not include the

22   consumer's creditors, a mortgage servicing company, or an assignee of the debt." *Wise*, 680 F.

23   Supp. 2d at 1053 (quoting *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985)).

24       The plaintiffs suggest that FNBN is not a beneficiary or creditor and instead is a third party

25   that is (improperly) attempting to collect on the debt.[39] But FNBN is the loan's creditor.[40]

---

[39] SAC Part I at 2.

[40] SAC Part I at 12; SAC Part II at 15; Response to Qualified Written Request – ECF No. 31-8 at 4; Assignment of Deed of Trust – ECF No. 31-8 at 8.

ORDER (No. 3:15-cv-05821-LB)                9

1  Moreover, "debtors may not pursue judicial challenges to the authority of a foreclosing beneficiary
2  based on an improper securitization theory." *Kennedy v. World Savings Bank, FSB,* 2015 WL
3  1814634, at *6-7 (N.D. Cal. Apr. 21, 2015); *Ordono v. U.S. Bank Nat. Ass'n, et al.*, 2014 WL
4  3610952, at *3 (N.D. Cal. July 21, 2014). "[A]s an unrelated third party to the alleged
5  securitization, and any other subsequent transfers of the beneficial interest under the promissory
6  note, [a plaintiff] lacks standing to enforce any agreements, including the investment trust's
7  pooling and servicing agreement, relating to such transactions." *Kennedy*, 2015 WL 1814634 at *6
8  (quoting *Jenkins v. J.P. Morgan Chase Bank, N.A.*, 216 Cal. App. 4th 497, 515 (2013)). The
9  plaintiffs cannot cure this deficiency; the court thus dismisses the FDCPA claim with prejudice.

**2.4 RESPA Claim**

RESPA provides that borrowers may inquire about federally related mortgages by submitting a QWR. 12 U.S.C. § 2605(e)(1)(A). A QWR must describe why a borrower believes her account is in error or provide sufficient detail to the servicer regarding other information sought by the borrower. 15 U.S.C. § 2605(e)(1)(B). RESPA provides plaintiffs with a private right of action for, among other wrongful acts, a loan servicer's failure to respond in a specific manner to a QWR for information about the loan. 15 U.S.C. § 2605(f); *see Choudhuri v. Wells Fargo Bank, N.A.*, No. C 11-00518 SBA, 2011 WL 5079480, at *8 (N.D. Cal. Oct. 25, 2011) (citing *Patague v. Wells Fargo Bank, N.A.*, No. C 10-03460 SBA, 2010 WL 4695480, at *3 (N.D. Cal. Nov. 8, 2010)). RESPA requires loan servicers to provide written responses to a QWR that seeks "information relating to the servicing of [a] loan." 12 U.S.C. § 2605(e)(1)(A). "That a QWR must address the servicing of the loan and not its validity, is borne out by the fact that section 2605(e) expressly imposes a duty upon the loan servicer, and not the owner of the loan." *Consumer Solution REO, LLC v. Hillery*, 658 F. Supp. 2d 1002, 1014 (N.D. Cal. 2009).

Here, the plaintiffs' allegations all involve PennyMac's response to the QWR.[41] They do not allege that they sent anything to FNBN. Moreover, to state a RESPA claim, FNBN would have to

---

[41] SAC Part I at 12; *see* Qualified Written Request – ECF No. 31-6 at 11; *see* Response to Qualified Written Request – ECF No. 31-8 at 2-5..

United States District Court
Northern District of California

be the loan's servicer. Here, PennyMac is the loan's servicer, and FNBN is the loan's creditor and assignee.[42] The plaintiffs cannot assert a RESPA claim against FNBN because FNBN is not the loan servicer. The court therefore dismisses the RESPA claim with prejudice.

**3. The Court Declines to Extend Supplemental Jurisdiction Over the Remaining Claims**

The court declines to exercise supplemental jurisdiction over the remaining state-law claims. *See* 28 U.S.C. § 1367(c)(3); *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988); *Paulick v. Starwood Hotels & Resorts Worldwide, Inc.*, No. C-10-01919 JCS, 2012 WL 2990760, at *16 (N.D. Cal. July 20, 2012).

## CONCLUSION

The court grants FNBN's motion to dismiss, dismisses the federal claims with prejudice, and declines to exercise supplemental jurisdiction over the state-law claims. The dismissal is without prejudice to the plaintiffs' pursuing state-law claims in state court.

**IT IS SO ORDERED.**

Dated: August 2, 2016

_____
LAUREL BEELER
United States Magistrate Judge

---

[42] SAC Part I at 12; Assignment of Deed of Trust – ECF No. 31-8 at 8.