UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| FARID GHALEHTAK, et al., | Case No. 15-cv-05821-LB |
| Plaintiffs, | |
| v. | **ORDER DENYING THE PLAINTIFFS' MOTION TO VACATE JUDGMENT** |
| FNBN I, LLC, | Re: ECF No. 44 |
| Defendant. | |

Farid Ghalehtak and Shirin Tabatabai sued FNBN to enforce what they argue was an already effective rescission of their mortgage loan.[1] They amended their complaint once as a matter of right, and after the court dismissed the First Amended Complaint, they amended again.[2] FNBN again moved to dismiss, which the court granted, dismissing with prejudice the plaintiffs' federal claims but without prejudice to the plaintiffs pursuing state-law claims in state court.[3] The court

---

[1] Compl. — ECF No. 1; First Amended Complaint ("FAC") — ECF No. 12; Second Amended Complaint ("SAC") — ECF No. 31. Record citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Order Granting Defendant's Motion to Dismiss — ECF No. 30; SAC — ECF No. 31.

[3] Order Granting Defendant's Motion to Dismiss — ECF No. 41.

ORDER — No. 15-cv-05821-LB

entered judgment against the plaintiffs.[4] Ghalehtak and Tabatabai now move to vacate that judgment under Federal Rule of Civil Procedure 60(b).[5]

The court construes the motion to vacate as a request for reconsideration of the court's order dismissing the case. *See Emrit v. Yahoo! Inc.*, No. C 13-5951 SBA, 2014 WL 3841015, at *2 (N.D. Cal. Aug. 4, 2014). A district court can "reconsider" final judgments or appealable interlocutory orders pursuant to Federal Rules of Civil Procedure 59(e) (governing motions to alter or amend judgments) and 60(b) (governing motions for relief from a final judgment). *See Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 466–67 (9th Cir. 1989). Reconsideration is, however, an extraordinary remedy that "may be invoked only upon a showing of extreme circumstances." *Emrit*, 2014 WL 3841015 at *2 (citing *Engleson v. Burlington N. Railroad Co.*, 972 F.2d 1038, 1044 (9th Cir. 1992)).

More specifically, Rule 60(b) provides for reconsideration only on a showing of:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b); *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991).

Generally speaking, a motion for reconsideration "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (referring to Rule 59(e)); *see also Casey v. Albertson's Inc.*, 362 F.3d 1254, 1259–61 (9th Cir. 2004) (referring to Rule 60(b)). Motions for reconsideration are not "a substitute for appeal or a means of attacking some perceived error of the court." *Wills v. Tilton*, No. C 07-3354 CW (PR), 2012 WL 762012, at *1 (N.D. Cal. Mar. 8, 2012) (citing *Twentieth Centry-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981)).

---

[4] Judgement — ECF No. 42.

[5] Motion to Vacate Judgment — ECF No. 44.

1    The plaintiffs here move to vacate the judgment specifically under Rule 60(b)(4) — arguing
2    "the judgment is void."[6] The judgment is void, according to them, because the court "lacked
3    jurisdiction to alter the mandatory requirements under the Federal Truth in Lending Act."[7] They
4    support this theory by re-asserting the same TILA-based rescission argument raised in each
5    iteration of their complaint and opposition briefs: they mailed a notice of rescission over eight
6    years after they signed the loan agreement, and because FNBN did not contest the notice, the loan
7    was automatically rescinded and voided.

   This argument does not make the judgment void for lack of jurisdiction or for any other
reason. The plaintiffs' rationale instead does nothing more than re-litigate old issues and attack
what they perceive to be the court's error. Thus, neither Rule 60(b) relief from judgment nor any
other basis for reconsideration is appropriate under these circumstances.

   The court denies the plaintiffs' motion. This disposes of ECF No. 44.

**IT IS SO ORDERED.**

Dated: August 29, 2016

_____
LAUREL BEELER
United States Magistrate Judge

---

[6] Motion to Vacate Judgment — ECF No. 44 at 1–2.
[7] *Id.* at 2.